UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| SABRINA HOLSEY | Hon. |
| | Case No |
| Plaintiff, | COMPLAINT AND DEMAND FOR JURY TRIAL |
| v. | |
| CONCENTRIX SERVICES US, INC. | |
| Defendant. | |

Gregory, Moore, Brooks & Clark, P.C.
Matthew J. Clark (P76690)
28 W. Adams, Ste. 300
Detroit, MI 48226
(313) 964-5600
matt@unionlaw.net

Law Offices of Raphael A. Katri, APC
Raphael A. Katri (P86186)
8549 Wilshire Blvd., Ste. 200
Beverly Hills, CA 90211
(310) 940-2034
rkatri@katrilaw.com
Attorneys for Plaintiffs

## PLAINTIFF'S CLASS AND COLLECTIVE ACTION COMPLAINT & DEMAND FOR JURY TRIAL

Plaintiff Sabrina Holsey ("Plaintiff"), individually and on behalf of all others similarly situated, by and through their counsel, bring this Class and Collective Action Complaint against Defendant Concentrix Services US, Inc. ("Defendant" or

"Concentrix"), on personal knowledge with respect to themselves and their own acts, and on information and belief as to other matters, allege as follows:

## JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction over the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, et. seq. ("FLSA") claims pursuant to 28 U.S.C. § 1331, because Plaintiff asserts federal claims arising under the laws of the United States.

2. This Court has supplemental jurisdiction over Plaintiff's state law claims under the Michigan Workplace Opportunity Wage Act, MCL 408.411 et. seq. ("WOWA") pursuant to 28 U.S.C. § 1367 because Plaintiff's claims under the WOWA are so related to Plaintiff's federal claims that they form part of the same case or controversy between Plaintiff and Defendant.

3. Venue is proper in the Eastern District of Michigan pursuant to 28 U.S.C. §1391(b) because all or a substantial part of the events giving rise to the claims in this lawsuit occurred within this District, in Wayne County, Michigan.

## THE PARTIES

4. Plaintiff is a resident of Wayne County, Michigan, where she resided during the period of time relevant to this lawsuit.

5. Defendant is a foreign nonprofit corporation incorporated under the laws of the State of Delaware, that is headquartered in Jacksonville, Florida, and does business in Wayne County, Michigan, and Defendant meets the definition of an "employer" for purposes of this lawsuit pursuant to 29 U.S.C. § 203(d) and MCL 408.932(d).

2

## INTRODUCTION

6. This is a class and collective action brought pursuant to 29 U.S.C. § 216(b) and Fed. R. Civ. P. 23 by Plaintiff, individually and on behalf of all similarly situated persons employed or previously employed during the relevant period by Defendant arising from Defendant's willful violations of the FLSA, 29 U.S.C. § 201 *et seq.* overtime pay provisions and the WOWA, MCL 408.931 *et seq.* Specifically, Plaintiff brings this action on behalf of herself and all Michigan-based Concentrix employees who, during the applicable statutes of limitations, were required to first boot up and log into their computers and access the company's virtual private network ("VPN") in order to clock-in for the day.

7. The individual and class/collective action claims are for failure to pay regular and overtime wages to employees for: (a) time spent booting up and logging into their computers and access the VPN before they were permitted to clock-in for the day; and (b) attorneys' fees and costs under FLSA §§ 207 and 216(b) and WOWA.

8. Plaintiff was employed by Defendant.

9. Plaintiff was not paid for preliminary activities which were integral and indispensable to her principal work activities, namely, time during which she had to boot up her computer and access the VPN, which allowed her to clock in for the day. Defendant's actions were willful and in violation of the FLSA and WOWA.

## FACTUAL ALLEGATIONS

3

10. During the Class Period, Plaintiff worked as a non-exempt employee in Michigan.

11. Plaintiff's job duties included, *inter alia*, answering inbound phone calls from Concentrix customers to assist them with issues related to their customer service.

12. During the Class Period, Plaintiff's job duties were similar, if not identical to, the job duties of all other nonexempt employees in the proposed class/collective action.

13. As part of their job duties, Defendant's non-exempt employees were required to first boot up their computers, login using a multifactor authentication system, access the VPN, and log into the payroll system before they could clock-in and officially be "on the clock" and compensated for their subsequent time.

14. This uncompensated preliminary boot-up time typically took at least 5-15 minutes, depending on system updates and similar technological delays that occurred during the boot-up process. The VPN often could not be accessed, which extended the amount of time needed to start up the necessary systems before employees could clock-in.

15. Plaintiff and the Class and Collective members were not paid the federal or state minimum wage rate required under FLSA and under WOWA for all time worked, including time spent during the boot-up process prior to clocking in.

16. Defendant's violations of FLSA and WOWA were willful. Throughout the Class Period, Defendant knew or should have known that Plaintiff and the Class and Collective members were engaged in "off the clock" work-related tasks of booting up

4

their computers and programs, and accessing the VPN before they were able to electronically clock in.

## COLLECTIVE ACTION

17. Plaintiff brings this action individually and as a collective action (commonly referred to as an "opt-in" class) for monetary relief pursuant to Section 16(b) of the FLSA, 29 U.S.C § 216(b).

18. Defendant willfully "suffered or permitted" the Collective members to perform labor without payment of overtime compensation at a rate of not less than one-and-one-half times their regular hourly rate of pay for hours worked in excess of forty in a week as required by federal law.

19. Plaintiff seeks to notify the following individuals at the earliest time possible of their rights under 29 U.S.C. § 216(b) to join this action by filing in this Court written notice of their consent to join the action:

> All current and former, non-exempt, Michigan-based Concentrix employees who were required to first boot up and log into their computers in order to clock-in for the day, at any time from three years prior to opting-in through the resolution of this action (hereinafter referred to as the "Collective Action Members").

20. Plaintiff represents those other current and former employees and acts on their behalf and interests as well as her own in bringing this action. The similarly situated employees (i.e., the Collective Action Members) are known to Defendant and are readily identifiable and may be located through Defendant's personnel records.

5

21. Because numerous members of this Collective Action are unknown to Plaintiff, joinder of each member is not practical.

22. Plaintiff asks this Court to require Defendant to furnish Plaintiff with contact information of other similarly situated employees pursuant to 29 U.S.C. § 216(b) for the purpose of collectively adjudicating their FLSA claims.

23. Collective adjudication is appropriate in this case because the employees who Plaintiff wishes to notify of this action:

    a) Have been employed in the same or similar positions as Plaintiff;

    b) Have performed work similar to that of Plaintiff;

    c) Have been subject to the same policies and procedures as Plaintiff; and

    d) Have been subject to compensation practices similar to those which form the basis of Plaintiff's case.

## CLASS ACTION

24. Plaintiff seeks to certify her state law claim arising under WOWA as a Fed. R. Civ. P. 23 class action (i.e., an "opt-out" class).

25. The class which Plaintiff seeks to certify as a class action is defined as:

> All current and former, non-exempt, Michigan-based Concentrix employees who were required to first boot up and log into their computers in order to clock-in for the day, at any time from three years prior to the filing of the Complaint through the date of certification of the Class by the Court (hereinafter referred to as the "Class Action Members").

26. Plaintiff is a member of the Class she seeks to represent.

27. This action is properly maintained as a class action. The Class satisfies all of the requirements of Rule 23 for maintaining a class action.

28. <u>Numerosity</u>. The Class is so numerous that joinder of all the Class Action Members is impracticable. Although the precise number of such persons is unknown, upon information and belief, Defendant has employed hundreds or thousands of individuals who meet the Class Action Members definition, and who have been denied wages due to them because of Defendant's unlawful policies and practices.

29. <u>Commonality</u>. There are questions of law and fact common to the class which predominate over any questions affecting only individual members of the Class, including but not limited to, whether Defendant:

   a. Employed Plaintiff and the Class Action Members in positions subject to, and not exempt from, the minimum wage requirements of the WOWA;

   b. Failed to pay Plaintiff and the Class Action Members for time spent booting up and logging into their computers before they clocked-in;

   c. Whether Defendant's violations of the WOWA were willful; and

   d. The nature and extent of class-wide damages and the measure of damages for the Class Action Members.

30. <u>Typicality</u>. Plaintiff's claims are typical of the claims of the Class in that she was subject to the same violations of law and seek the same type of damages and other relief on the same theories and legal grounds as the Class she seeks to represent.

7

31. <u>Adequacy of Representation</u>. Plaintiff will fairly and adequately represent and protect the interests of the Class. Plaintiff's attorneys are competent and experienced in litigating wage and hour class actions, like this one.

32. <u>Predominance of Common Issues</u>. Class Certification is also appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the Class predominate over any questions affecting only individual members of the Class and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without duplication of effort and expense that numerous individuals would entail. Furthermore, the amounts at stake for many members of the Class, while substantial, may not be sufficient to enable them to maintain separate suits against Defendant.

## VI. CAUSES OF ACTION

### FIRST CAUSE OF ACTION
### FAILURE TO PAY MINIMUM WAGES IN VIOLATION OF FLSA, 29 U.S.C § 206

33. Plaintiff re-alleges and incorporates by reference each and every allegation set forth in the proceeding paragraphs.

34. Section 206 of the FLSA requires employers to pay covered nonexempt employees a minimum rate of pay for all hours worked.

35. Plaintiff and the Collection Action members routinely worked time for which they did not receive the required federal minimum wage in violation of the FLSA.

36. Specifically, Plaintiff and the Collective Action Members routinely worked "off the clock" when booting up and logging into their computers and accessing the VPN before they were permitted to clock-in for the day, which were integral and indispensable to the principal activities they were employed by Defendant to perform, and all such booting up and logging in time was done with the knowledge and/or acquiescence of Defendant. *See Cadena v. Customer Connexx LLC*, 51 F.4th 831, 839 (9th Cir. 2022) ("the answer to the question – whether booting up the computers is integral and indispensable to the employees' customer service duties – is clear. All of the employees' principal duties require the use of a functional computer, so turning on or waking up their computers at the beginning of their shifts is integral and indispensable to their principal activities [and is therefore compensable.]").

37. As a result, Defendant willfully failed to pay minimum wages to Plaintiff and the Collective Action Members for all boot up and login time prior to clocking in each shift, i.e., all hours worked "off the clock", in violation of 29 U.S.C. § 206.

38. Section 216(b) of the FLSA creates a private right of action for violations of section 206, and provides, in pertinent part: "Any employer who violates the provisions of section 206 or 207 of this title shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages."

9

39. Pursuant to 29 U.S.C §§ 206 and 216 of the FLSA, Plaintiff and the Collective Action Members are entitled to recover in this action the unpaid balance of the compensation due to them, plus an equal amount as liquidated damages and reasonable attorney fees and cost of the suit.

## SECOND CAUSE OF ACTION
### FAILURE TO PAY OVERTIME WAGES FOR OVERTIME HOURS WORKED IN VIOLATION OF 29 USC 207(a), 216(b)

40. Plaintiff re-alleges and incorporates by reference each and every allegation set forth in the proceeding paragraphs.

41. Section 207 of the FLSA requires employers to pay covered nonexempt employees at the rate of 1.5 times their regular rates of pay for all overtime hours worked in excess of 40 per week.

42. Plaintiff and the Collective Action Members regularly worked overtime for which they did not receive 1.5 times their regular rate of pay as required by the FLSA.

43. Specifically, Plaintiff and the Collective Action Members routinely worked "off the clock" when booting up and logging into their computers and accessing the VPN before they were permitted to clock-in for the day, which were integral and indispensable to the principal activities they were employed by Defendant to perform, and all such booting up and logging in time was done with the knowledge and/or acquiescence of Defendant, and did not receive overtime pay even when such time was in excess of 40 hours per week.

44. As a result, Defendant willfully failed to pay minimum wages to Plaintiff and the Collective Action Members for all boot up and login time prior to clocking in each shift in violation of 29 U.S.C. § 207(a).

45. Section 216(b) of the FLSA creates a private right of action for violations of Section 207, and provides, in pertinent part: "Any employer who violates the provisions of Section 206 or 207 of this title shall be liable to the employee or employees affected in the amount of their […] unpaid overtime compensation, and in an additional equal amount as liquidated damages."

46. Pursuant to 29 U.S.C. §§ 207(a) and 216 of the FLSA, Plaintiff and the Collective Action Members are entitled to recover in this action the unpaid balance of the overtime compensation due to them at the rate of 1.5 times their regular rates of pay, plus an equal amount as liquidated damages and reasonable attorney fees and costs of the suit.

**THIRD CAUSE OF ACTION**
**FAILURE TO PAY EMPLOYEES AT THE STATE MINIMUM WAGE FOR ALL HOURS WORKED IN VIOLATION OF THE WOWA, M.C.L. § 408.414**

47. Plaintiff re-alleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

48. Defendant has willfully violated the WOWA by failing to pay Plaintiff and the Class Action Members the state minimum wage for all hours worked by failing to pay them for time spent booting up and logging into their computers and accessing the VPN before they were permitted to clock-in for the day.

11

49. The time Plaintiff and the Class Action Members spent booting up their computers and accessing the VPN before they were permitted to clock-in for the day is compensable within the meaning of WOWA, and Defendant has not compensated Plaintiff and the Class Action Members at the state minimum wage rate for all such time in violation of WOWA.

## DEMAND FOR JURY TRIAL

50. Plaintiff hereby demands a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure on their individual, collective, and/or class-wide claims stated herein against Defendant.

## RELIEF REQUESTED

Plaintiff, on behalf of herself and all other members of the Class and Collective, respectfully requests that this Honorable Court grant the following relief:

A. Certify this case as a collective action in accordance with 29 U.S.C. § 216(b) with respect to Plaintiff's FLSA claims set forth herein (Causes of Action 1 and 2);

B. Certify this case as a class action pursuant to Rule 23(b)(3) with respect to Plaintiff's state law claim (Cause of Action 3);

C. Designate Plaintiff as the representative of the FLSA collective action and the Rule 23 class action, and undersigned counsel as class counsel for the same;

D. Order Defendant to disclose in computer format the names and addresses of all Collective and Class Action Members, and permit Plaintiff to send notice

of this action to all those similarly situated individuals, including the publishing of notice in a manner that is reasonably calculated to apprise the Collective and Class Action Members of their rights by law to join and participate in this lawsuit;

E. Grant judgment in favor of Plaintiff and against Defendant and award Plaintiff and the Collective and Class Action Members the full amount of damages and liquidated damages available by law;

F. Declare Defendant violated the FLSA and the WOWA;

G. Declare Defendant's actions in violation of the FLSA and the WOWA were willful;

H. Award reasonable attorneys' fees and costs incurred by Plaintiff in filing this action as provided by statute;

I. Award pre- and post-judgment interest to Plaintiff on these damages; and

J. Award such other and further relief as this Court deems appropriate.

    Respectfully submitted,

    Gregory, Moore, Brooks & Clark, P.C.
    /s/ Matthew J. Clark
    Matthew J. Clark (P76690)
    Attorney for Plaintiff
    28 W. Adams, Ste. 300
    Detroit, MI 48226
    (313) 964-5600
    matt@unionlaw.net

Date: April 22, 2025